UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,          :
                                   :
      -against-                 :
                                   :          ORDER
EVITA DAWSON,                      :
                                   :          03 Crim. 1308 (GBD)
                            Defendant.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

On April 25, 2022, Defendant mailed this Court (what it construes as) a motion to vacate the restitution order imposed by this case's judgment, following her guilty plea.[1] The Government opposes, arguing that Defendant cannot, at this late date, unwind her plea bargain. (*See* ECF No. 21, at 1.) As this Court does not have the authority to vacate a final judgment of restitution, and because the payment term of the restitution is set to expire in November 2024, Defendant's motion is DENIED.

On August 4, 2004, Defendant pleaded guilty to one count of theft of public money, in violation of 18 U.S.C. § 641. (*See* ECF No. 21-1, at 1.) Her plea agreement made clear that the Court would order restitution in accordance with 18 U.S.C. §§ 3663, 3663A, and 3664. (*Id.*) On November 23, 2004, this Court sentenced Defendant to a three-year term of probation and ordered her to pay restitution in the amount of $46,901.63, to be paid in monthly installments of ten percent of Defendant's gross monthly income. (*See* ECF No. 17, at 2, 4–5.) The docket sheet lists restitution payments that occurred during Defendant's probation, totaling $2,300.

"[A] sentence that imposes a restitution order constitutes a final judgment that may be modified only in limited circumstances." *United States v. Lubrun*, No. 18 Crim. 339 (PAC),

---

[1] As Defendant is proceeding without the aid of counsel, this Court is mindful of its duty to construe her submission "liberally" and to interpret it "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (cleaned up) (quoting *Pabon v. Wright*, 459 F.3d 241 (2d Cir. 2006)).

2023 WL 8478473, at *2 (S.D.N.Y. Dec. 7, 2023) (citing 18 U.S.C. § 3664(o)). "Once a district court has sentenced a defendant, it may not re-sentence a defendant unless so ordered by the Court of Appeals or the United States Supreme Court, *see* 28 U.S.C. § 2106, or pursuant to the narrow conditions established by Federal Rules of Criminal Procedure 35 or 36." *United States v. Kerzhner*, No. 00 Crim. 1197 (SJ), 2007 WL 29393, at *1 (E.D.N.Y. Jan. 4, 2007) (citing *United States v. Spallone*, 399 F.3d 415, 421 (2d Cir. 2005)). None of these conditions are implicated here; therefore, this Court does not have authority to modify the judgment in order to relieve Defendant of her restitution obligation. *See Lubrun*, 2023 WL 8478473, at *2; *Kerzhner*, 2007 WL 29393, at *2. Therefore, Defendant's motion must be DENIED.

Even if this Court did have authority to modify Defendant's restitution obligation, "liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution." 18 U.S.C. § 3613(b); *see also United States v. Pestone*, No. 96 Cr. 1166, 2023 WL 3241220, at *2 (S.D.N.Y. May 3, 2023) (noting same). As Defendant did not serve a term of imprisonment, her liability to pay restitution is slated to terminate by November 30, 2024.[2] Considering this approaching deadline, there is no reason to modify Defendant's restitution obligation.

Dated: July 11, 2024
      New York, New York

SO ORDERED.

*[signature: George B. Daniels]*
GEORGE B. DANIELS
United States District Judge

---

[2] Defendant's sentencing occurred on November 23, 2004, but her judgment was docketed on November 30, 2004. (*See* ECF No. 17 at 1.)